### Richmond

## TRAVELERS INDEMNITY COMPANY v. JOSEPH B. OBENSHAIN, COMMITTEE, ETC., ET AL.

June 9, 1978

Record No. 770019

Present: All the Justices

*Robert J. Ingram, Gary C. Hancock (Gilmer, Sadler, Ingram, Sutherland & Hutton,* on brief) for plaintiff in error.

*Edwin C. Stone (Davis & Stone,* on brief) for defendants in error.

No brief for Joseph B. Obenshain, Committee for Gerald F. Brennan, defendant in error.

CARRICO, J., delivered the opinion of the Court.

By motion for declaratory judgment filed in the court below, Travelers Indemnity Company sought a declaration that it was not

obligated under the liability portion of a homeowner's policy to provide coverage to its insured, Gerald F. Brennan, for personal injuries suffered by George B. Hall, Sr., and George B. Hall, Jr., in a shooting incident. Brennan, a convict, by his committee, and the Halls were named parties defendant to Travelers' motion. In a final order, the trial court held that Travelers' policy provided coverage for "the shooting episodes" and that Travelers was "responsible for indemnification of Gerald F. Brennan for any judgment rendered against him on behalf" of the Halls. Travelers seeks reversal; only the Halls have appeared in opposition.

The shooting incident in question occurred April 9, 1973, within a matter of hours after Brennan had received from an attorney for Hall, Sr., a letter concerning a right-of-way Hall claimed over Brennan's land. Encountering the Halls in a Jeep on a public highway, Brennan "rammed" the vehicle in the rear with his truck and then, upon exiting the truck, shot the Halls numerous times with two pistols. Both Halls were seriously injured.

Indicted upon two charges of malicious wounding for shooting the Halls, Brennan was tried before a jury on the indictment involving Hall, Sr. Specifically disclaiming an insanity defense, the defendant was convicted and sentenced to serve 13 years in the penitentiary. Subsequently, with respect to the indictment involving Hall, Jr., Brennan entered a plea of guilty; he was sentenced to serve an additional 13-year term.

In separate motions for judgment filed against Brennan, the Halls sought damages for their injuries. Travelers was notified that the Halls would seek recovery under the homeowner's policy for any judgment secured against Brennan. Relying upon a policy exclusion, Travelers brought the present motion for declaratory judgment.

At trial of the motion, Travelers' policy was introduced as an exhibit. The liability portion of the policy provides that the company will pay "on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . to which this insurance applies, caused by an occurrence." The policy defines an "occurrence" as "an accident . . . which results . . . in bodily injury." The policy imposes upon Travelers the duty to defend any action against the insured for

damages to which the insurance applies. The insurance contract excludes from coverage, however, "bodily injury . . . which is either expected or intended from the standpoint of the Insured."

In deciding the declaratory judgment proceeding adversely to Travelers, the trial court assigned no reason for its decision. In their brief, the Halls say that the court decided that the shooting should not be classified as intentional within the meaning of the policy exclusion because the court found as a fact from the evidence in this declaratory judgment proceeding that Brennan suffered insanity or mental incapacity at the time of the shooting. This finding of fact, the Halls argue, was supported by evidence, is binding upon Travelers, and requires this court to affirm the judgment below.

In resting their case upon this proposition, the Halls do not answer, or even mention, a contention advanced by Travelers. Asserting purely legal grounds, Travelers contends that the motions for judgment filed by the Halls allege an intentional tort committed by Brennan and that the Halls, in order to avoid the effect of the policy exclusion, cannot, for the purpose of this proceeding, take the position that Brennan's mental incapacity rendered the tort unintentional. In our view, this contention presents the controlling question in the case, and its outcome obviates the necessity of discussing the other issues raised by Travelers.

The claims set forth in the motions for judgment filed by the Halls have not been reduced to judgment. We look, therefore, only to the allegations of the motions to determine whether Travelers is obligated to provide Brennan with coverage under its policy. If the allegations state a case which may be covered by the policy, Travelers has a duty to defend, and it may be liable also to pay any judgment rendered upon those allegations. On the other hand, if it appears clearly that Travelers would not be liable under its contract for any judgment based upon the allegations, it has no duty even to defend. These rules are established by our prior decisions. *Norman* v. *Insurance Co. of North America*, 218 Va. 718, 239 S.E.2d 902, 905-06 (1978); *London Guar. Co.* v. *White & Bros.*, 188 Va. 195, 198-200, 49 S.E.2d 254, 255-56 (1948); *Accident Corp.* v. *Washington Co.*, 148 Va. 829, 843-44, 139 S.E. 513, 517 (1927).

Here, Travelers contends, and the Halls do not deny, that each of the motions for judgment filed against Brennan alleges an

intentional tort. Unquestionably, Travelers is correct in this contention; each motion states that, on the date of the shooting, Brennan "was lying in wait" for the Halls and that, "without any justification," he shot at and struck the particular victim "many times."

Travelers' policy covers bodily injury resulting from accident. The policy specifically excludes, however, bodily injury which is either expected or intended from the standpoint of the insured. Nothing in the motions for judgment filed in this case indicates other than that Brennan expected and intended the injuries he inflicted upon the Halls. Thus, the allegations of the motions not only fail to bring the injuries suffered by the Halls clearly within the coverage of the policy but they also fail to "leave it in doubt whether the case alleged is covered by the policy." *London Guar. Co.* v. *White & Bros., supra.* Travelers, therefore, has no duty to defend Brennan or to pay any judgment based upon those allegations.

For the reasons assigned, the judgment of the trial court will be reversed. Final judgment will be entered here declaring that Travelers has no duty to defend the motions for judgment filed by the Halls or to pay any judgment rendered upon the allegations contained in the motions.

*Reversed and final judgment.*