MARCEL DANDENEAU, Chief Clerk Wisconsin Assembly
The Assembly Committee on Organization has requested my opinion on the constitutionality of 1977 AB 987, an act to create sec. 347.483 of the statutes, which would prohibit the use and sale of radar detectors.
The proposed legislation provides in part:
 SECTION 1. 347.483 of the statutes is created to read: 347.483 RADAR DETECTING DEVICES.
. . . .
 (2) Use prohibited. Except as provided in sub. (4), no person may operate on a highway a motor vehicle equipped with a radar detecting device. The presence of any radar detecting device in or upon a motor vehicle upon a highway constitutes prima facie evidence of a violation of this section.
 (3) Sale prohibited. Except as provided in sub. (4), no person may sell or offer for sale in this state any radar detecting device.
Subsection (4) exempts the receipt of licensed frequencies, the use of detectors by law enforcers, and the transportation of detectors for lawful use or sale if properly stored.
First you ask whether the statutory presumption that "presence of any radar detecting device in or upon a motor vehicle upon a highway constitutes prima facie evidence of a violation" is unconstitutional.
My answer is "no."
Section 903.01, Stats., governing presumptions in general, states that:
 Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is *Page 258 
directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.
Although the cases dealing with the constitutionality of various statutory presumptions are conflicting, the United States Supreme Court consistently has held that due process in criminal cases requires a certain rational connection between the fact proved and the fact presumed therefrom. At least, the presumed fact must flow "more likely than not" from the proved fact.Barnes v. United States, 412 U.S. 837, 843 (1973); Leary v.United States, 395 U.S. 6, 44-45 (1969); Tot v. United States,319 U.S. 463, 467 (1943). The Wisconsin Supreme Court has labeled forfeiture provisions "penal." State ex rel. Lynch v. Conta,71 Wis.2d 662, 670, 239 N.W.2d 313 (1976). And, while the court has held that forfeiture actions are essentially civil in nature, due process requires that the state carry at least a burden of persuasion by the "clear and convincing" standard. City of Neenahv. Alsteen, 30 Wis.2d 596, 142 N.W.2d 232 (1966); sec. 345.45, Stats. (1977).
Thus, the Legislature is not free to allocate the burden of persuasion to the defendant as it could in a purely civil action.Lavine v. Milne, 424 U.S. 577, 585 (1976). Where the state does bear the burden of demonstrating guilt, statutory presumptions aimed at assisting in that burden must satisfy certain standards of reliability. Id. 424 U.S. at 585 n. 10. In my opinion, the "more likely than not" test for presumptions is consistent with the state's burden of proving guilt of the offense by clear, satisfactory and convincing evidence.
Two presumptions are set up by sec. 347.483, Stats.: first, that the existence of an automobile upon the highway is proof of its operation on the highway; second, that the presence of a radar detector in or on the vehicle is prima facie evidence that the vehicle was equipped with a radar detector.
Under the "more likely than not" test, the first presumption is not very troublesome. The existence of a vehicle on a highway is consistent with the conclusion that the vehicle was operated on the highway.
It is also my opinion that the presumption that the presence of a radar detector in or on the vehicle is prima facie evidence that the vehicle is equipped with the device is constitutionally sound. The presumption has the effect of requiring a defendant to produce evidence showing that it is more probable than not that defendant's vehicle was *Page 259 
not equipped with a detector, after the state produces evidence showing that a detector was present in the vehicle. The presumption is not rendered unconstitutional because in a particular case the presence of a radar detector in or upon a vehicle does not establish "more likely than not" that a vehicle is equipped with such a device. The standard established in Leary
and Tot is one of probability based on all situations where a radar detector is present in or upon a motor vehicle. Thus, in judging whether the presumption in the proposed statute is constitutional, one must ask whether the presumed fact — that the vehicle is equipped with a radar detector — flows "more likely than not" from the proven fact of presence of a radar detector. I find no difficulty applying this test in relation to the proposed statute. The presumed fact, that the vehicle is equipped with a radar detecting device, flows more likely than not from the proved fact: the presence of the device in the vehicle.
The Virginia Supreme Court, in Crenshaw v. Commonwealth,219 Va. 44, 245 S.E.2d 243 (1978), was confronted with language in a Virginia statute almost identical to the language in the proposed statute that creates the presumption that a vehicle is equipped with a radar device upon proof of the presence of such a device. In Crenshaw, the court held the following statutory presumption invalid as a denial of due process:
 "The presence of any such prohibited device or mechanism in or upon a motor vehicle upon the highways of this State shall constitute prima facie evidence of the violation of this section. The Commonwealth need not prove that the device in question was in an operative condition or being operated."
245 S.E.2d at 245 n. 1. The court's holding was based on its belief that the effect of the second sentence, when read with the paragraph as a whole, was to exclude from the trier of fact's consideration any evidence concerning "operative condition," thereby rendering the presumption conclusive. Had the second sentence of the presumption been excised, the court in Crenshaw
clearly would have upheld its validity. 245 S.E.2d at 246.
The presumption in the proposed statute is rebuttable. Where the operator of a motor vehicle believes the presumption inappropriate, he or she can show that the vehicle was not "equipped" because the radar detector was inaccessible to the driver, suffered from a *Page 260 
mechanical defect which rendered it inoperable, etc. In cases where the vehicle is not "equipped" with a detector, the vehicle's occupant is obviously in the best position to produce evidence to that effect, and the presumption operates to compel such evidence. I conclude that the presumption in question meets due process requirements and is constitutionally sound.
Second, you ask whether the law would violate the interstate commerce clause alone or coupled with the federal supremacy clause of the United States Constitution. The answer is no.
I find no federal law enacted under the commerce clause relative to radar detectors. Thus there is no problem of the state's law conflicting with federal law under both the commerce clause, art. 1, sec. 8, para. 3 and the supremacy clause, U.S. Const. art. VI, para 2.
The commerce clause, even in the absence of federal legislation in this area, consistently has been construed to prevent the states from erecting barriers to the free flow of interstate commerce. Great Atlantic and Pac. Tea Co., Inc. v. Cottrell,424 U.S. 366, 370-71 (1976); Cooley v. Board of Wardens, 53 U.S. 299
(12 How. 299) (1852). Nonetheless, the states are empowered to enact legislation serving legitimate state interests if it does not cause an impermissible burden on interstate commerce. Gibbonsv. Ogden, 22 U.S. 1 (9 Wheat. 1) (1824). The considerations relevant to reaching a balance between the overlapping federal and state interests were summarized most recently by the United States Supreme Court in Raymond Motor Transportation, Inc. v.Rice, 434 U.S. 429 (1978). Citing earlier cases with approval, the Court stated that, "in no field has the deference to state regulation been greater than that of highway safety regulation," and a statute will be overturned only where "`the total effect of the law as a safety measure . . . is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it.'"434 U.S. at 443. My conclusion, based on Raymond and the cases cited therein, is that the legislation in its present form would not violate the commerce clause. The state has a legitimate interest in safety. If there is evidence that the law contributes to highway safety, it would be entitled to a strong presumption of validity. The law would have to interfere seriously with the free flow of commerce before it would be considered an impermissible burden. Raymond, 434 U.S. at 444-45. That *Page 261 
the law would require those interstate travelers who use radar detectors to render their vehicles "unequipped" appears not to present a burden of any constitutional magnitude. Furthermore, the Legislature has minimized the burden by removing from the scope of the law the transportation of detectors for lawful use or sale if the device is stored in an enclosed storage compartment of the vehicle. I must add one proviso, however. Legal conclusions in this area, which depend on the balance between the legitimacy of state legislation and the burden on commerce, are drawn on empirical information. Since I lack this information, my answer is necessarily somewhat speculative.
Your third question is whether federal law, specifically the Federal Communications Act of 1934, 47 U.S.C.A. sec. 151, etseq., has preempted all regulation of radio transmissions. The answer is no.
I find nothing in this Act evincing a congressional intent to prevent the states from regulating the receipt of police radar. The scope of the Act is limited to interstate communication by radio. 47 U.S.C.A. sec. 152 (a). Intrastate regulation of radio is explicitly removed from the Federal Communications Commission's jurisdiction. 47 U.S.C.A. sec. 152 (b)(1). I see no conflict between the proposed law and the purposes of the federal act. 47 U.S.C.A. sec. 151. Highway safety measures are enacted under the historic police powers of the states, which are not to be superseded by federal act unless that was the clear and manifest purpose of Congress. Jones v. Rath Packing Co., 430 U.S. 519,525 (1977); Rice v. Santa Fe Elevator Corporation, 331 U.S. 218,230 (1947).
Fourth, you ask whether the law would interfere with the lawful operation of radio receivers receiving lawfully licensed frequencies, such that it would be unconstitutionally vague or overbroad. I have difficulty understanding the question, particularly since subsec. (4) (a) of the proposed statute specifically provides that the law does not apply to "any receiver of radio waves of any frequency licensed by any federal agency or agency of this state."
I imagine that your concern is whether the definition of "radar detecting device" includes only those devices intended to be prohibited by the legislation. I am unable to respond to this question as an answer requires technical information not available to me.
BCL:WHW:scj *Page 262