METCALFE BROTHERS, INC., Plaintiff,

v.

AMERICAN MUTUAL LIABILITY IN-
SURANCE COMPANY, Defendant.

Civ. A. No. 79–0130–A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Feb. 15, 1980.

T. C. Bowen, Jr., Tazewell, Va., for plaintiff.

John E. Kieffer, Woodward, Miles & Flannagan, Bristol, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This action has been brought before the court to determine whether the defendant, American Mutual Liability Company, is liable to the plaintiff under an insurance contract for money expended in defending and settling a suit for the wrongful death of two employees. Jurisdiction is proper under 28 U.S.C. § 1332: plaintiff is a Virginia corporation with its principal place of business in Bluefield, Virginia, and defendant is a Massachusetts corporation with its principal place of business in Wakefield, Massachusetts; and, the amount in controversy is in excess of Ten Thousand Dollars ($10,000). The case is before the court on the parties' cross motions for summary judgment.

The incident that gives rise to this cause of action occurred on February 13, 1976, when the private airplane of Thomas Metcalfe crashed near Blountville, Tennessee, and Sam and Al Cannon, along with Thomas Metcalfe, died of injuries sustained in the crash. The party was returning from a business meeting held in Orlando, Florida. The two passengers were employees of Metcalfe Brothers, Inc., plaintiff herein. Following the fatal crash, the decedents' survivors brought common law actions for the wrongful death of the two Cannons in the United States District Court for the Eastern District of Tennessee. Metcalfe Brothers, Inc., one of the defendants named in those suits, forwarded the suit papers to the defendant; American Mutual declined to defend the actions on the ground that coverage for the accident alleged in the suit was not afforded by the policy issued by the defendant because the suit did not allege that the decedents were employees of the insured, nor that they were injured in the course of their employment.

Metcalfe Brothers consequently undertook defense of the suit and filed motions for summary judgment on the grounds that Al and Sam Cannon were employees killed in the course of their employment and that the survivors' exclusive remedy was under the workmen's compensation law of Tennessee. The case was referred to a master on the question of the applicability of Tennessee workmen's compensation law. In August, 1977, the master filed a report stating that the decedents' beneficiaries had an option to proceed either at common law or under the Tennessee workmen's compensation act because Metcalfe Brothers had not made the required filings under Tenn.Code

§ 50–1205.[1] United States District. Judge Neece overruled the motion for summary judgment based on the workmen's compensation bar, holding that the beneficiaries could proceed at common law as they had opted to do.

This potential recovery under Tennessee workmen's compensation law, defendant argues, precluded Metcalfe Brothers from recovering under the American Mutual policy in question because of Exclusion (f) to Coverage B:

COVERAGE B—EMPLOYERS' LIABILITY

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom; (a) sustained in the United States of America . . . by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 [Virginia] of the declarations or in operations necessary or incidental thereto.

\*    \*    \*    \*    \*    \*

EXCLUSIONS

This policy does not apply:

\*    \*    \*    \*    \*    \*

(f) under Coverage B, to any obligation for which the insured . . . may be held liable under the workmen's compensation law or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law.

Defendant argues that plaintiff is collaterally estopped from relitigating this issue because of the finding made in the master's report. It also argues that plaintiff is estopped from asserting an inconsistent position from the position adopted in the Tennessee suits. Its third argument is that Tennessee workmen's compensation did apply. Under all these theories, defendant would not be liable to plaintiff under Exclusion (f) to Coverage B. Alternatively, if the court concludes that Tennessee workmen's compensation law did not apply, then the court must address defendant's original defense that it did not have to defend the action because the accident alleged in the suit was not covered by the policy.

I.

The first issue the court must address is whether the doctrine of collateral estoppel bars plaintiff from contesting the applicability of Tennessee workmen's compensation law to the wrongful death actions arising out of the February 16, 1976, accident. It is clear that the party seeking to invoke the doctrine of collateral estoppel must establish that in a prior suit—(1) the same issue (2) was actually. litigated and judicially determined, and (3) that the determination made of the issue in the prior action was essential to the judgment there rendered. *Azalea Drive-In Theater, Inc. v. Sargoy*, 394 F.Supp. 568, 573 (E.D.Va.1975); *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974).

Collateral estoppel was traditionally applicable only when the subsequent action involved parties of the former action and their privies.[2] This requirement has been substantially abandoned by the courts. The Fourth Circuit Court of Appeals has held, when applying Virginia law in a diversity action, that no compelling reason existed for requiring mutuality of the parties when

---

**1.** The master also held that Virginia workmen's compensation law clearly did not apply because the decedents were neither residents of Virginia nor had the accident occurred in Virginia.

**2.** There is authority to support the proposition that this rule was inapplicable as to an indemnitor who was given reasonable notice by an indemnitee who requested him to defend an action or participate in the defense. *Wisconsin Barge Line, Inc. v. Barge Chem 300*, 546 F.2d 1125, 1128 n. 1 (5th Cir. 1977); *Clinchfield R. Co. v. U. S. Fidelity & Guaranty Co.*, 160 F.Supp. 337, 341 (E.D.Tenn.1958); Restatement of Judgments § 107 (1942). With the abolition of the mutuality requirement, this concept has lost most of its practical relevancy.

the plaintiff had had "ample opportunity to fully litigate the issue of fault in [a prior state court action.]" *Graves v. Associated Transport, Inc.*, 344 F.2d 894, 901 (4th Cir. 1965). Since then, the United States Supreme Court has held in a patent case that mutuality was not required for the defensive use of collateral estoppel. *Blonder-Tongue Labs v. University Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). There was some question, however, whether the application of this rule of law would be limited to patent cases. In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court cited *Blonder-Tongue Labs* with approval and made it clear that mutuality was not required when the doctrine of collateral estoppel was used defensively.[3]

In diversity cases, however, a federal court must follow the substantive law of the state in which it sits, including the forum's choice of law rules. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon v. Stentor Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Virginia, interpretation of an insurance contract is governed by the law of the place where the contract was delivered. *Woodson v. Celina Mut. Ins. Co.*, 211 Va. 423, 426, 177 S.E.2d 610, 613 (1970). The Metcalfe Brothers' contract of insurance with American Mutual was completed in Virginia when it was signed by the insurance company's authorized representative, who under statute must be a regularly constituted resident agent licensed in this state, Va.Code § 38.1–282, and was deemed to be effective May 1, 1975, at the insured's place of business in Virginia. Consequently, under Virginia's conflict of law rules, the place of contracting is Virginia since it is the place where the last act necessary for a binding contract took place. *Brand Distributors, Inc. v. Insurance Co. of North America*, 400 F.Supp. 1085, 1089 (E.D.Va. 1974).

The Virginia Supreme Court has also noted the erosion of the mutuality doctrine in *Bates v. Devers*, 214 Va. 667, 671 n. 7, 202 S.E.2d 917 (1974). In light of the Supreme Court pronouncements in *Blonder-Tongue* and *Parklane Hosiery* and the Virginia Supreme Court's previous outlook on this issue, this court will not bar defendant's use of the doctrine on the basis that it was not a party nor privy to the former action.

Having decided defendant may assert that plaintiff is collaterally estopped from denying the decedents were covered by Tennessee's workmen's compensation law, the court will determine whether this is a proper case for application of the doctrine. In the master's report, the ultimate conclusion was that Metcalfe Brothers' motion for summary judgment should be denied because the plaintiffs had an option to proceed at common law, which they had clearly elected to do. In the course of reaching that conclusion, the master held that the decedents' beneficiaries could have proceeded under Tennessee workmen's compensation law because all the requirements of the statute had been met, even though the employer had failed to comply with the filing provisions. He also held that the statute clearly provided in such a situation that the beneficiaries could elect to proceed either under the statute or at common law. Metcalfe Brothers had argued that Tennessee workmen's compensation law applied in order to avoid institution of the suit under common law. Their argument was that, under Tennessee law, if workmen's compensation laws applied, then a common law action against the employer was barred. Tenn.Code Ann. § 50–908.

Metcalfe Brothers now argue that the finding of the master as to the applicability of Tennessee's workmen's compensation law was not essential to the final holding of the case, and, therefore, the doctrine of collateral estoppel should not be applied. Defendant has failed to sustain its burden of proof necessary to support application of the doctrine of collateral estoppel. In this case, the issue in dispute was not a necessary determination in support of the final

---

3. The Court also discusses use of offensive collateral estoppel and application of the mutuality requirement; it leaves application of the latter to the discretion of the trial court.

judgment. The finding of the master that Tennessee workmen's compensation law was applicable to the Cannon accident was not necessary to the ultimate holding that the Cannon beneficiaries could maintain their action at common law. Defendant does not really dispute the point that the holding was unnecessary to the final judgment,[4] instead it espouses the viewpoint that this is not a requirement for application of the doctrine of collateral estoppel. To support that argument, defendant cites the case of *Cold Metal Process Co. v. E. W. Bliss Co.*, 285 F.2d 231 (6th Cir. 1960), in which the court held that its prior decision was binding and that the rule of *stare decisis* was applicable, even though the decisions were not controlling upon the ultimate ruling. This rule has been described by one treatise writer as unsound. 1B Moore's Federal Practice ¶ 0.443[5] at 3927 (1965).

This court feels the better rule is that only determinations necessary to a judgment are conclusive, which rule is followed by the majority of courts. *Id.* at 3922. This rule is in conformity with the principles behind the doctrine of collateral estoppel, which has "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. at 326, 99 S.Ct. at 649. The collateral estoppel doctrine is applicable only when the party affected has had full and fair opportunity to litigate the issue in dispute. If they did not have such an opportunity, then the party has lost its right to a day in court because of a decision upon which the judgment was not necessarily dependent. It is only human nature for a trier of fact or law to gloss over a matter that he determines to

relate only superficially to the final decision.

As the Supreme Court has said, "[a]lthough neither judges, the parties, nor the adversary system performs perfectly in all cases, the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard." *Blonder-Tongue Labs*, 402 U.S. at 329, 91 S.Ct. at 1443. If the "adjudication of the issue does not dictate the judgment," then it is "deprived, to some degree, of the assurances of integrity and correctness that the judicial process affords to genuinely dispositive adjudications." 1B Moore's Federal Practice ¶ 0.443[5] at 3922.

Defendant, having failed to show that the judgment was dependent on determination of this issue, is denied its motion for summary judgment on the basis of collateral estoppel.

## II.

Defendant's next argument is that plaintiff is estopped from asserting contrary positions because it "induced the company to rely on the master's report as a further basis for finding no coverage." In a further argument, defendant contends that plaintiff is estopped from asserting inconsistent positions under Virginia law.

▪ Defendant's first argument is patently without merit. In essence, defendant maintains that because of a letter from plaintiff's counsel on December 7, 1977, advising defendant that the Cannon litigation has been referred to a United States Magistrate [the master]; plaintiff has caused defendant to believe that the insurance company had no duty to defend the insured in the suit.[5] By the time of this correspon-

---

4. Defendant maintains that the issue was vigorously litigated in the Tennessee suit, although it was not a party to that suit and it has not placed the record before this court. Plaintiff maintains that "[i]t was not an issue of fact which was litigated."

5. The letter of Metcalfe Brothers' attorney said only that the "magistrate had reported that Al Cannon at the time of his death was an employ-

ee of Metcalfe Brothers, Inc. as a salesman for the Company in Tennessee, Kentucky and Virginia and was returning from a sales meeting in Orlando, Florida, at the time of the crash." Upon hearing of the magistrate's report, American Mutual obtained a copy of the report and then learned that the decedents' beneficiaries could have elected to go under Tennessee workmen's compensation law.

dence, the insurance company had already refused to defend the suit on the basis that the complaint had failed to make any allegations that would invoke insurance coverage. Letter of Nelson L. Blackburn, District Claim Supervisor (Nov. 30, 1976). The master's report may have given the insurance company additional justification for their original denial of coverage, but it did not cause them to act to their detriment upon the information. *See* 28 Am.Jur.2d *Estoppel and Waiver* § 27 at 628; 7 Michie's Jurisprudence § 14 at 246–50.

Since defendant has failed to show that it changed its position in reliance upon the plaintiff's action to its detriment, it may not use the doctrine of equitable estoppel as a basis for its motion for summary judgment.

■ Defendant also argues that Virginia law prevents plaintiff from assuming an inconsistent position from one it previously asserted in litigation. *See Rohanna v. Vazzanna,* 196 Va. 549, 84 S.E.2d 440 (1954); *Burch v. Grace Street Building Corp.,* 168 Va. 329, 191 S.E. 672 (1937); *Norfolk & Oceanview Railway Co. v. Turnpike Co.,* 111 Va. 131, 68 S.E. 346 (1910). The rule of law laid out in these cases is as follows:

> the general rule [is] that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory . . .
> A party cannot either in the course of litigation or in dealings *in pais* occupy inconsistent positions. Upon that rule election is founded; 'a man shall not be allowed' in the language of the Scotch law 'to appropate and reprobate' and where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts; the election if made with knowledge of the facts is in itself binding.

*Burch v. Grace Street Building Corp.,* 168 Va. 340, 191 S.E. at 677. This rule, however, is applicable only when the party making the election has led another to be prejudiced by reliance upon his first posi-

tion. *Employers Ins. Co. v. Great American,* 214 Va. 410, 413, 200 S.E.2d 560, 562 (1973); *Thrasher v. Thrasher,* 210 Va. 624, 628, 172 S.E.2d 771, 774 (1970). Therefore, for the reasons discussed above, this argument must fail.

### III.

■ Having disposed of defendant's preliminary arguments in support of its motion for summary judgment, the next issue for consideration is whether defendant breached its duty to defend by refusing to represent plaintiffs in the Tennessee suit. Under the law of Virginia, an insurance company has a duty to defend frivolous or meritorious suits if the suit against its insured states a case covered by the policy. *Travelers Indemnity Co. v. Obenshain,* 219 Va. 45, 245 S.E.2d 247 (1978); *Norman v. Insurance Co. of North America,* 218 Va. 718, 239 S.E.2d 902 (1978); *London Guarantee Co. v. White & Bros.,* 188 Va. 195, 49 S.E.2d 254 (1948); *Accident Corp. v. Washington Co.,* 148 Va. 829, 139 S.E. 513 (1927). Defendant argues it had no duty to defend because the suit did not present a case under which coverage was provided in that it failed to allege that the Cannons were employees of the insured or that the accident had occurred "in the course of their employment." The suit brought by the Cannons' beneficiaries alleged that the Cannons had boarded the fated aircraft at the "invitation of Thomas O. Metcalfe, at Orlando, Florida, and departed for Bluefield, Virginia. . . ." In the previous paragraph, however, the suit alleged that "Thomas O. Metcalfe was an employee of the defendant, Sealy Mattress Company [Metcalfe Brothers' registered trade name], serving as President of this company and on the date in question was in the course and scope of his employment with the defendant, Sealy Mattress Company."

■ Under these circumstances, the court feels that the insurance company had an obligation to defend the suit. Not only did the suit allege sufficient facts from which a reasonable person would have inferred that the Cannons were joining

Thomas Metcalfe on his business trip to Florida and back, but the insurance company had knowledge that the Cannons were employees of the insured. In order to determine the amount of premiums owed for the insurance policies, the insurer audited the books of the company. At the time of the accident Metcalfe Brothers employed 120 people, and the company records indicated that Sam and Al Cannon were employees of the insured.

Virginia law is clear: "if the allegations state a case which *may* be covered by the policy, [the insurer] has a duty to defend, and it may be liable also to pay any judgment rendered upon those allegations. On the other hand, if it appears *clearly* that [the insured] would not be liable under its contract for any judgment based upon the allegations, it has no duty even to defend." *Travelers Indemnity Co.*, 219 Va. at 46, 245 S.E.2d at 249 (emphasis added). Since insurance contracts are interpreted most strongly against the insurer and insurance contracts should be effectuated rather than defeated, *Ayres v. Harleysville Insurance Co.*, 172 Va. 383, 2 S.E.2d 303 (1939), this court feels strongly that insurers should carefully review any suit papers forwarded to them by their clients. It should not be left solely to a third party's pleadings to determine whether or not the insured must defend a suit when it has paid an insurance company to provide for just such a contingency. Metcalfe Brothers gave notice of the suit to American Mutual, indicating that the Cannons were its employees who had been injured in the scope of their employment. Under the circumstances, American Mutual should have undertaken defense of the suit reserving the right to deny ultimate liability.

■ Defendant's final argument is that it had no duty to defend because the accident was covered under Tennessee workmen's compensation law. This court has already held that the master's finding on this point is not subject to the doctrine of collateral estoppel, and that the issue in the Tennessee suit was never fully adjudicated. The defendant now asks this court to determine the public policy of Tennessee, when it refused to appear and have the public policy of Tennessee decided by a court in Tennessee. The issue in dispute is whether Metcalfe Brothers is an "employer" as defined by Tenn.Code Ann. § 50–902(a), which requires an employer to have five employees before the act applies. Whether all five employees must be in Tennessee or whether a company would need only five employees nationwide has not been decided by the Supreme Court of Tennessee insofar as this court can ascertain. The statute is vague on this point. Thus, the defendant seeks to avoid liability in this case by having this court decide the ultimate issue of liability in the Tennessee case that it refused to defend. The proper course for defendant to have reached that point would have been to defend the suit under reservation of right, or obtain a declaratory judgment specifically on the issue of coverage under any ground available to it. As the parties stand at present, however, defendant has breached its duty to defend and is liable to the plaintiff for the costs expended in defending and settling the suit.

In accordance with the opinions expressed above, plaintiff's motion for summary judgment is hereby granted on the issue of liability.