## Richmond

UTICA MUTUAL INSURANCE COMPANY

V.

TRAVELERS INDEMNITY COMPANY, ET AL.

January 22, 1982.

Record No. 790877.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ.

*Wm. W. Eskridge (Wade W. Massie; Penn, Stuart, Eskridge & Jones,* on briefs), for appellant.

*Gary C. Hancock; Thomas J. Harrigan (Robert J. Ingram; Gilmer, Sadler, Ingram, Sutherland & Hutton,* on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

In this case of first impression, we are asked to decide whether an automobile liability insurance policy, certified pursuant to the Virginia Motor Vehicle Safety Responsibility Act, affords coverage for an intentional tort.

Elizabeth Jennelle (nee Gilbert) sustained injuries when the automobile she was in, driven by Shirley Gray, was intentionally forced off the highway by an automobile owned by Tivis Gilbert. Elizabeth brought suit against Tivis Gilbert, Gorman Gilbert, Norman Gilbert, Ronald Bailey, Doug Wright and Enos Blankenship (the defendants) to recover damages for her personal injuries. She alleged that the defendants entered into a conspiracy to stop the Gray automobile by forcing it off the road.

Norman Gilbert was the only defendant to answer and appear at trial.* He was represented at trial by counsel for Travelers Indemnity Company, which had issued a policy on the Gilbert vehicle. Following a jury trial, a verdict was returned in favor of Elizabeth for compensatory damages of $30,000 and awarding punitive damages against Tivis Gilbert in the amount of $15,000 and against each of the other defendants in the amount of $2,000, for a total verdict of $55,000.

Subsequently, a declaratory judgment action was brought to determine the liability of the insurance companies providing cover-

---

* The appellant argues that the court had no jurisdiction over certain of the defendants. We find no merit in this assignment of error.

age to the parties involved in the incident. Travelers denied coverage. If correct, the denial would leave Utica Mutual Insurance Company, the uninsured motorist carrier for Gray, liable.

The policy issued to Tivis Gilbert by Travelers was certified to the Division of Motor Vehicles as proof of Tivis' future financial responsibility. The Virginia Motor Vehicle Safety Responsibility Act, Code § 46.1-388, *et. seq.,* requires that certain persons, whose privilege to drive has been suspended, furnish such proof prior to regaining the privilege. This proof is given by the insurance company's filing with the Division of Motor Vehicles a certificate known as an SR-22.

■ The general automobile liability policy issued in Virginia provides coverage for damages caused by an "occurrence" or by an "accident." We have held these terms to be synonymous and to refer to an incident that was unexpected from the viewpoint of the insured. *Norman* v. *Insurance Company,* 218 Va. 718, 239 S.E.2d 902 (1978); *Travelers* v. *Obenshain,* 219 Va. 44, 245 S.E.2d 247 (1978). An intentional act is neither an "occurrence" nor an "accident" and therefore is not covered by the standard policy. *Id.*

■ Utica asserts that, while this may be the general rule, a different result is mandated when a policy is certified under the Safety Responsibility Act. It argues that the Act is intended to protect the public from those drivers who have proven themselves to be a risk. For this reason, the term "accident" should be viewed from the standpoint of the public and not the insured. The trial court rejected this argument, and we concur.

Code § 46.1-511(a) states in part that under certified policies "[t]he liability of any insurance carrier to the insured . . . becomes absolute when loss or damage covered by the policy occurs . . . ." A policy certified under the Act must protect against losses "caused by accident." Code § 46.1-504. This the Travelers' policy did by providing coverage for an "occurrence" defined in the policy as "an accident . . . which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured.*"

We find nothing in the Act which mandates that certified policies provide greater protection to the insured than the standard policy. Nor do we find language in Travelers' policy which affords such coverage. The term "accident" does not take on a different meaning merely because a policy is certified. We hold therefore that the policy issued by Travelers did not afford coverage for the

intentional acts of its insured. The judgment of the trial court will be affirmed.

*Affirmed.*