## CIRCUIT COURT OF CAMPBELL COUNTY

Royal Insurance Co. of America

v.

Carlton David Coles
and Johnie Randolph Bonds

July 29, 1983

By JUDGE J. SAMUEL JOHNSTON, JR.

I have carefully reviewed the transcript in the above styled case along with the submitted memorandums of law and have reached an opinion as to the issues of "coverage" and "duty to defend."

The case was obviously a proper one for a declaratory judgment action, and it is entirely proper for this Court to determine the issues of "coverage" and "duty to defend" prior to a trial on the merits. *Cf. Reisen v. Aetna Life and Casualty Company*, 225 Va. 327 (April 29, 1983). "Coverage," of course, depends on whether or not an accident or occurrence inflicted the wounds suffered by Bonds. In view of the facts elicited in this case and the holdings in *Norman v. Insurance Company of North America*, 218 Va. 718 (1978), *Utica Mut. Ins. Co. v. Travelers Indemnity Co.*, 223 Va. 145 (1982), and *Travelers v. Obenshain*, 219 Va. 44 (1978), there can be no question that the acts perpetrated by Coles were intentional acts without a hint of negligence or accidental conduct. Thus, the answer to the question of coverage is simply that Royal Insurance Company of America has no duty to afford coverage for any liability imposed (if any be imposed) upon Mr. Coles for the wounding of Mr. Bonds.

It is my opinion, however, that there is an affirmative duty to defend the suit owed by Royal to Mr. Coles. I disagree with Royal's reading of *Travelers v. Obenshain*, 219 Va. 44 (1978), that it should follow that if there is no coverage there is no duty to defend. *Travelers,*

*supra*, looks only to the *allegations* of the motion for judgment in deciding that there might be a duty to defend (emphasis mine). Even though I have found as a matter of fact that no coverage exits, I do not believe the holding in *Travelers* requires that I rule that there is no duty even to defend. Royal prepared the contract wherein it agreed to provide coverage for injuries or damages caused by an "occurrence," and I have found that there was no occurrence. However, Royal went further and contracted to defend in any suit "seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent." Royal could have easily limited its obligation to defend by proper language, but it chose not to and it should be bound by the contractual language that it drafted. Royal urges that I rule otherwise stating "the insured would be in the very unusual situation of having to defend the claim to which its policy of insurance did not apply." While this is undoubtedly true, the responsibility for this unusual, uncomfortable, and paradoxical position lies solely with Royal.

I cannot close without mentioning the case of *Virginia Farm Bureau v. Dexter Hubert Snow* decided by Judge Goad in the Nelson County Circuit Court in April of 1982. I recognize that in view of the almost identical contractual language at issue there, his opinion should be given close scrutiny. I have done that. While his opinion might be deemed advisory and while I greatly admire and respect his legal thinking and talent, reasonable judges can disagree, and I disagree with his finding of no duty to defend. It is obvious that he would disagree with my finding of a duty to defend in the instant case. So be it.