## CIRCUIT COURT OF ALBEMARLE COUNTY

Pennsylvania Millers Mut. Ins. Co.

v.

Stanley E. Leigh et al.

August 27, 1992

Case No. 4894-L

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the court on the Motion for Declaratory Judgment filed by plaintiff, Pennsylvania Millers Mutual Insurance Company. A hearing was held on July 31, 1992, and the Court took the matter under advisement to consider additional legal authority to be submitted by counsel. The Court has now reviewed that authority.

As to facts regarding the incident which occurred on January 14, 1991, between Stanley Leigh and Christopher Mills, the court presided over the trial of a separate civil action styled *Christopher Mills v. Stanley Leigh* and identified as Case No. 4515-L.

The trial occurred on November 22, 1991, and for purposes of this decision, the Court has considered the facts introduced at the trial of that matter, together with additional facts introduced in the form of testimony on July 31, 1992.

There are two questions presented for the Court to decide as follows.

1. Was the incident in question an "occurrence" under the homeowner's insurance policy issued by Pennsylvania Millers Mutual Insurance Company under which Stanley Leigh was an insured?

2. Did the policy in question exclude coverage for this incident in that the bodily injury to Christopher Mills was not an expected or intended event by the insured, Stanley Leigh?

In the principal brief submitted by plaintiff, Pennsylvania Millers Mutual Insurance Company, it took the position that the incident in question was not an occurrence providing coverage for Mr. Leigh. Therefore, it concluded that it had no obligation to pay any liability for

damages sustained by Mr. Mills or any duty to provide a defense at the expense of counsel chosen by Pennsylvania Millers Mutual Insurance Company.

As noted, defendant Leigh has the burden of bringing himself within the terms of the policy. *Maryland Cas. Co. v. Cole*, 156 Va. 707, 716 (1931). Additionally, only if it clearly appears that the claims set forth in the Motion for Judgment are not covered will the insured be relieved of its duty to defendant. *Traveler's Indemnity Co. v. Obenshain*, 219 Va. 44, 46 (1978).

Plaintiff relies on the cases of *Utica Mutual v. Travelers Indemnity*, 223 Va. 145 (1982), and *Norman v. Insurance Company of North America*, 218 Va. 718 (1978). The Virginia Supreme Court held that the terms "accident" and "occurrence" are synonymous and refer to an incident that was unexpected from the viewpoint of the insured. *Utica Mutual* at p. 147.

The Court went on to hold that "[a]n intentional act is neither an 'occurrence' nor an 'accident' and therefore is not covered by the standard policy." *Id.* at 147.

The Supreme Court in *Utica Mutual* determined that the act of a driver of an automobile intentionally forcing another vehicle off the highway, in which a passenger in the latter vehicle sustained injuries, was an intentional act. The Supreme Court held that the Travelers policy providing coverage against losses "caused by accident" did not afford coverage for the intentional act of its insured. *Id.* at 147–48.

*Norman v. Insurance Company of North America, supra*, involved the insured firing a pistol while arguing with a tenant. Although the argument was presented that the pistol was not aimed at anyone, and it was fired while still in the pocket of the insured, causing the bullet to ricochet off the floor and hit the tenant, the Supreme Court held that such event was not an accident within the terms of the policy. The Court stated that an intentional assault and battery cannot be "[c]onverted into an accident by a mere statement from the person making the assault that he did not intend the act or its consequences." *Id.*, 218 Va. at 723.

Defendant Christopher Mills in his memorandum of law directs this court to two cases which he claims is dispositive that the actions of Mr. Leigh were not intentional. The first case is *State Farm Fire and Casualty Co. v. Hess and Boccagno*, Chancery No. 120364 (Fairfax

County Circuit Court, May 28, 1992). It involved a declaratory judgment action whereby State Farm alleged that coverage was excluded because the actions of one Hess were "intended or expected" to cause bodily injury to Boccagno. The Fairfax Circuit Court held that the actions of Hess were possibly ones of self-defense in that Boccagno had cursed Hess, and Hess indicated it appeared that Boccagno was about to attack him.

This Court finds that that case is distinguishable in that the issue presented by Pennsylvania Mutual is whether there is coverage because of bodily injury sustained by Mills caused by an occurrence to which coverage applies and not to the second question presented of whether coverage is excluded for actions which caused injury "expected or intended by the insured."

The second case cited by defendant Mills to support his claim that the act of Mr. Leigh was not an intentional act is the case of *Infant C. v. Boy Scouts of America, Inc.*, 239 Va. 572 (1990). Defendant Mills asserts that the Supreme Court drew a distinction between intentional misconduct and recklessness. Specifically, the Court noted as follows:

> There is a substantial difference between willful and wanton conduct, on one hand, and intentional misconduct on the other. An actor guilty of intentional misconduct must intend to cause harm to another (citations omitted). An actor guilty of willful and wanton conduct intends his act but not the resulting harm. (Citations omitted.)

*Id.* at p. 582.

The facts of the case involved sexual molestation by one Bittenbender of Infant C. during the period January, 1984, through December, 1984. The Supreme Court ruled that the acts fell short of any intention by Bittenbender to cause harm to Infant C. Instead, the Court ruled that the motivations were characterized as self-gratification with a total disregard of the consequence to the victim, Infant C. Therefore, the Court concluded that such actions were not intentional acts of misconduct intended to cause harm to another.

In the case before the Court, Leigh did not swing with a closed fist for self-gratification, and this Court finds that his actions were not in self-defense. There had been no altercation specifically between Mills

and Leigh prior to the event in question, and Leigh had been the aggressor towards another individual named Jason Jones in response to "teasing" of him. Just prior to confronting Jones, Leigh had pushed another individual across a sofa in response to teasing. Certainly his action of swinging his fist causing the injury to Mills was excessive force and not in self-defense of Mills touching him on the shoulder and asking him to "calm down." This Court finds that it was an intentional act and not an "occurrence" or "accident" under the holdings of *Utica Mutual, supra,* and *Norman, supra.*

Having resolved the matter on the first issue, the Court will not address the exclusion question.

Accordingly, the Court declares that Pennsylvania Millers does not owe a liability coverage or defense to Stanley Leigh for the incident in question.