AVIATION RESOURCES, INC., d/b/a
Virginia Aviation, Plaintiff,

v.

XL SPECIALTY INSURANCE
CO., Defendant

No. CIV.A.6:02CV00070.

United States District Court,
W.D. Virginia,
Lynchburg Division.

July 25, 2003.

Charles Michael Sims, Leclair Ryan, Richmond, VA, for Plaintiff.

Albert Marcellus Orgain, IV, John Godfrey Butler, III, Sands, Anderson, Marks & Miller, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

MOON, District Judge.

This matter is before the Court on the Parties' Cross Motions for Summary Judgment. The Plaintiff seeks summary judgment on its breach of contract claim against the Defendant, and the Defendant asks this Court to grant summary judg-

ment in its favor. Summary judgment is appropriate if no genuine issue of material fact remains, such that no reasonable jury could find in favor of the non-moving party.

Aviation Resources, Inc ("ARI") operates an air facility at the Lynchburg Regional Airport. Air Kintyre, LLC ("Air Kintyre") owns and operates an aircraft used by McKay Law Offices ("McKay") to transport its attorneys. XL Specialty Insurance Co. ("XL") is an insurance company that issued an aircraft insurance policy to Air Kintyre and ARI.

In September, 2001, a plane owned by Air Kintyre and operated by pilot Robert Schmidt struck a parked plane owned by Joe H. Anderson in Boca Raton, FL. This allegedly resulted in serious damages to the Anderson plane. A claim was filed in the Circuit Court for Campbell County, Virginia, regarding this incident and insurance coverage. Air Kintyre and McKay have counterclaimed against ARI, seeking damages for diminished resale value of the aircraft, out-of-pocket expenses related to supervising repairs to the aircraft, the policy deductible for the repairs, costs of positioning the aircraft, costs of locating, hiring, and insuring new pilots for the aircraft, as well as lost business revenue to McKay while the repairs were ongoing (collectively "relevant claims"). This suit has since settled, and the parties now essentially dispute the applicability of the policy to the claims involved in that now-settled suit.

■ Having apparently conceded that no controversy exists for the purposes of its declaratory judgment claim, the Plaintiff seeks recovery on a breach of contract claim, in which it alleges that the Defendant breached the contract by not defending the Plaintiff in this suit. In Virginia, the elements of a cause of action for breach of contract are as follows: (1) a legal obligation of a defendant to the plain-

tiff; (2) a violation or a breach of that right or duty; and (3) a consequential injury or damage to the plaintiff. *Brown v. Harms*, 251 Va. 301, 467 S.E.2d 805, 807 (1996). In order to recover for a breach of contract, therefore, a plaintiff must prove by a preponderance of the evidence: (1) the existence of duly executed and enforceable agreements; (2) performance, or offers to perform by plaintiffs in accordance with the terms of the contracts; (3) that the defendants have failed to perform under or breached the agreements; (4) that these breaches are the cause of actual damages sustained by the plaintiffs; and (5) those damages are recoverable under Virginia law. *Carley Capital Group v. City of Newport News*, 709 F.Supp. 1387, 1396 (E.D.Va.1989).

ARI is seeking breach of contract damages because it alleges that XL did not perform its duty to defend against the Air Kintyre/McKay suit. XL argues that it did not owe ARI a legal obligation in this matter, because ARI is only an additional insured under certain conditions of the policy. In addition, XL argues that it did not breach any obligation to ARI, because its policy with ARI did not cover the type of damages alleged in the action against ARI by Air Kintyre and McKay. The Air Kintyre/McKay suit is now settled, so XL also argues that no damages were suffered by ARI because ARI's insurer, USAIG, covered the costs of the settlement.

■ XL's duty to defend arises if XL would potentially be liable on the claims, a fairly broad standard, when the allegations in a complaint "state a case which may be covered by the policy." *Travelers Indemnity Company v. Obenshain*, 219 Va. 44, 46, 245 S.E.2d 247 (1978). Only if it appears clearly that the insurance company would not be liable, is there no duty to defend. *Id.*

The Defendant argues that it had no duty to defend, because none of the relevant claims are covered by the policy, such that there would be no potential liability for XL. In support, the Defendant cites the portion of its policy which defines covered physical damage as "direct and accidental physical loss of or damage to the aircraft, herein called loss, but does not include loss of use or any residual depreciation in value, if any, after the repairs have been made." The Defendants argue that their coverage is limited to this definition, and that none of the relevant claims fall within the definition of "physical damage." The relevant claims are as follows: out-of-pocket expenses from Air Kintyre and McKay relating to supervising the repairs to the aircraft; the policy deductible for the repairs; costs of positioning the aircraft; costs of locating, hiring, and insuring new pilots for the aircraft; and lost business for McKay.

The Plaintiff replies that the Defendant's interpretation of the insurance contract is "overly myopic." While the Plaintiff does not dispute the policy's definition of "physical damage," the Plaintiff points to policy terms providing that XL will defend any suit seeking damages "on account of...property damage which occurred during the policy period, even if any of the allegations of the suit are groundless, false or fraudulent." The Plaintiff argues that all of the relevant claims occurred because of the property damage, and that XL is therefore responsible for defending them.

The Defendant's interpretation of the contract is more consistent with the language of the contract. Under the contract, covered damages relating to damage to the insured aircraft must meet the "physical damage" description. The "resulting from property damage" language the Plaintiff relies on refers to damage to property other than the insured aircraft, whereas the "physical damage" description encompasses physical loss or damage to the insured aircraft. The Plaintiff is simply reading the policy too broadly, and the abovementioned claims are not included because they do not meet the narrower definition of physical damage. Moreover, ARI has not sustained any damages in this matter. ARI's insurer, USAIG, has paid McKay and Air Kintyre a sum for the settlement of the dispute, and all attorneys fees were billed to the insurer, not ARI.

The Defendant has shown that it is entitled to summary judgment in this matter because the Plaintiff cannot prove that a contract was breached, or that it suffered damages from the Defendant's failure to perform.

An appropriate Order shall issue.

### ORDER

This matter is before the Court on the Parties' Cross Motions for Summary Judgment. For the reasons described in the accompanying Memorandum Opinion, the Plaintiff's Motion for Summary Judgment is DENIED. The Defendant's Motion for Summary Judgment is GRANTED.

It is SO ORDERED.

The Clerk of this Court is directed to send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record and to strike this case from the Docket.