**C. O. MORGAN LINCOLN-MERCURY, INC., Appellant,**

v.

**William C. YANCEY et ux., Appellees.**

**No. 17421.**

Court of Civil Appeals of Texas, Fort Worth.

June 22, 1973.

Supplemental Opinion July 20, 1973.

Rehearing Denied July 20, 1973.

Fillmore, Lambert, Farabee & Purtle, and Clyde Fillmore, Wichita Falls, for appellant.

Henry J. Anderson, Malcolm L. Hughes, Wichita Falls, for appellees.

## OPINION

LANGDON, Justice.

This is a suit by William C. Yancey and wife against C. O. Morgan Lincoln-Mercury, Inc., seeking to recover actual as well as exemplary damages for the conversion of their 1968 Mercury Cougar automobile.

Plaintiffs purchased this automobile from the defendant on or about July 23, 1971. At the time the purchase agreement was entered into there was stamped on the agreement that the defendant warranted the car for thirty days or 1,000 miles with a fifty-fifty warranty on motor, transmission and rear-end only and further provided that the work must be done in the shop of the defendant. Plaintiff William C. Yancey returned the car to the defendant for minor repairs some four or five times prior to the time he returned it for repairs on August 15, 1971. Repairs were made at that time and the defendant voluntarily turned the car over to the plaintiff William C. Yancey at a time when the defendant claims the bill for the repairs of August 15, 1971, totaled $188.55 of which defendant claimed plaintiffs owed one-half or $94.28 under the fifty-fifty warranty agreement.

Plaintiffs denied owing any part of the bill. This $94.28 bill was unpaid on January 17, 1972, when the plaintiff William C. Yancey returned the 1968 Mercury Cougar to the defendant's shop for additional mechanical work, because of a "ping" or knock in the motor. On this occasion the plaintiff had the upper joints on the rocker arm on the front end of the automobile lubricated for which he paid the defendant $6.50. The pan was removed from the top of the motor and a broken push rod was found. The defendant claims that this repair work was accomplished and charged to the plaintiffs and that the automobile was impounded because the plaintiffs did not pay this bill. Plaintiffs claim that the car was impounded for their failure to pay the $94.28 bill.

The jury answered all issues favorably to the plaintiffs and the trial court entered judgment against the defendant for $1,900.00 actual damages, representing the value of the converted automobile, and $17,500.00 exemplary damages.

This appeal is from that judgment based upon fifteen points of error.

We affirm subject to remittitur.

The parties will be referred to as in the trial court.

The first ten points complain of the action of the court in overruling the defendant's motion for discovery of certain transcribed telephone conversations between the plaintiff Yancey and (Phillips and Brown) two employees of the defendant and between the plaintiff Yancey and the defendant, all concerning the impounding of the automobile in question by the defendant.

We overrule each of these first ten points.

■ The taped conversation between the plaintiff Yancey and Phillips, one of the employees of defendant, was played to the jury in its entirety without permitting defendant to hear the tape outside the presence of the jury. Defendant's argument that this prevented him an opportunity to object and prevent inadmissible portions of the tape from being heard by the jury is also untenable. This is so because no particular portion of the tape is subject to any complaint on this appeal. We find nothing in the record which would indicate that the defendant was hampered in his direct or cross-examination because of any lack of a transcription of the conversations. The tape of the conversation between plaintiff and defendant was played before the court. The record does not reflect that a transcription of any of the phone calls was available other than perhaps some notes in the possession of plaintiff's attorney. If the court erred with respect to the matters involved in these first ten points such error was harmless. Rule 434, Texas Rules of Civil Procedure.

It was subsequent to the trial of this case that Rule 167, T. R. C. P., was amended by the Supreme Court of Texas, effective February 1, 1973.

Points eleven, twelve and thirteen assert error on the part of the court in entering judgment for the plaintiffs for $17,500.00 in exemplary damages for the reasons that such amount is excessive and there is no evidence or insufficient evidence to support such finding.

■ Under these points the defendant argues in his brief that, "The verdict of $17,500.00 exemplary damages was excessive in the amount of at least $12,500.00. If it be determined that the plaintiffs are entitled to exemplary damages, it should not exceed $5,000.00, being two and one-half times the actual damages awarded by the jury."

We are in agreement with the defendant on his point eleven. Based upon our examination of the entire record in this cause we are of the opinion that the sum of $17,500.00 exemplary damages is excessive by the sum of $12,500.00. The amount of exemplary damages under the facts in this case should not exceed the sum of $5,000.-00.

Points twelve and thirteen involving no evidence and insufficient evidence are overruled. We see no necessity to set forth the testimony in detail concerning the evidence. It should suffice to say that the jury had adequate evidence to support a finding of exemplary damages.

■■ The defendant by its fourteenth and fifteenth points contends that the court erred in refusing to include in the definition of malice in Special Issue No. 8 an instruction that an act will not be deemed to be malicious simply because it is unlawful or wrong, and in instructing the jury that a mechanic is authorized to retain possession of a vehicle until the amount due on same has been fully paid, and that if a mechanic voluntarily relinquishes possession of a vehicle, he loses the right of possession and it cannot be restored.

We overrule points fourteen and fifteen.

Special Issue No. 8 inquired of the jury whether or not the impounding of plaintiffs' automobile by the defendant, if it

was so impounded, "was done with malice as that term is hereinafter defined?"

The court defined malice "as used in this charge, is meant ill-will, bad or evil motive, or such gross indifference to the rights of others as will amount to a willful or wanton act, done intentionally or without just cause or excuse."

In the same definition the jury was further instructed that, "Whenever any vehicle shall be repaired by a mechanic with labor and material, such mechanic is authorized to retain possession of such vehicle until the amount due on same shall be fully paid and discharged. In the event a mechanic voluntarily relinquishes possession of the motor vehicle, he loses such right, and such right can not be restored."

Rule 277, T. R. C. P., provides in part that, "In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge."

In our opinion the instruction given by the court in connection with Issue No. 8 keyed the jury to the problem involved. It was essential to the proper submission of the issue. It was essential because it enabled the jury to properly pass upon the issue. See 20 T.L.R. 32, 36.

The judgment of the trial court is affirmed subject to the filing of a remittitur of $12,500.00 by the plaintiffs within fifteen days from the date hereof, otherwise the cause is reversed and remanded to the trial court.

Affirmed, subject to remittitur being filed.

## SUPPLEMENTAL OPINION

Appellees having filed in writing, subject to their motion for rehearing, the remittitur as suggested in our original opinion, and appellees' motion for rehearing having this day been overruled, it is ordered that the judgment as reduced by the remittitur, be affirmed.