**AMERICAN AND FOREIGN INSURANCE COMPANY,**
**Plaintiff,**

v.

**CHURCH SCHOOLS IN the DIOCESE OF VIRGINIA, et al., Defendants.**

**Civ. A. No. 86–0297–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 29, 1986.

Henry H. McVey, III, John M. Oakey, Jr., Christopher C. Spencer, McGuire, Woods & Battle, Richmond, Va., for plaintiff.

Sa'ad El-Amin, Richmond, Va., for defendants Loree Anitra Johnson and Judy Johnson.

Samuel W. Hixon, III, A. Peter Brodell, Williams, Mullen & Christian, Richmond, Va., Margaret L. Bacigal, for defendants Church Schools in the Diocese of Virginia, Allen W. Becker, Peggy Ross, Susan E. Goff and Amy Archinal.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff is a New York corporation engaged in the business of insurance, whose principal place of business is in Charlotte, North Carolina.

Defendant Church Schools in the Diocese of Virginia is a Virginia corporation whose principal place of business is in Virginia.

The individually named defendants are each citizens of the Commonwealth of Virginia.

Jurisdiction is premised on 28 U.S.C. § 1332 and 28 U.S.C. §§ 2201 and 2202.

The matter comes before the Court on the plaintiff insurance company's motion for summary judgment. Having been fully briefed and argued, the motion is ripe for disposition.

*Facts*

This suit brought by the American and Foreign Insurance Company ("American") seeks a declaration that it has no duty to defend or indemnify Church Schools in the Diocese of Virginia ("Church Schools") and several of its teachers and staff members against a suit brought by a student, Loree Anitra Johnson, and her mother, Judy Johnson, against St. Catherine's School and the individually named defendants in the instant suit. Church Schools is a corporation operating several schools in Virginia, including St. Catherine's School. Church Schools carries a liability insurance policy issued by plaintiff which insures the schools, their teachers and staff members, under certain circumstances.

For convenience, the Court's reference to Church Schools in this memorandum is intended to include each of the named defendants.

The Johnsons' suit arises from an incident which allegedly occurred at St. Catherine's on September 27, 1985. Loree Johnson, a St. Catherine's student then age 11, alleges that she fell off of her stool in art class. In the course of getting up, her art teacher, defendant Archinal, squeezed her buttocks in a sexually suggestive manner.

The Johnsons allege that when they reported the incident to the Director of the Middle School, defendant Ross, and the Headmaster, defendant Becker, these individuals engaged in a cover-up and failed to fully and fairly investigate the incident. They claim that a meeting was held at which Loree was humiliated and Mrs. Johnson was harassed. The Johnsons further allege that Becker and Ross, along with the school chaplain, defendant Goff, humiliated Loree at a schoolwide assembly by giving a sermon about how a jealous little school girl had ruined the life of a schoolteacher by falsely claiming sexual abuse.

Loree and her mother filed a Motion for Judgment in Richmond Circuit Court on March 1, 1986. In their suit against St. Catherine's and the individual defendants, they alleged counts of assault and battery and intentional infliction of emotional distress and sought compensatory and punitive damages for Loree's and Mrs. Johnson's mental anguish and humiliation.

On March 19, 1986, Church Schools notified its local insurance agent of the lawsuit, who conveyed this information to American on March 21, 1986. In a letter dated March 25, 1986, American informed Church Schools that it "reserve(d) the right to set up any and all defense(s) of non-coverage" with respect to "a claim being presented on behalf of Loree Anitra Johnson for (1) assault and battery, (2) intentional emotional harm occurring as a result of an occurrence on or about 9/25/85." It based its reservation of rights on claims of untimely notice of the claim and non-coverage of intentional acts.

The Johnsons filed an Amended Motion for Judgment in the Richmond Circuit Court on September 16, 1986. While adding no new counts to their previously alleged assault and battery and intentional infliction of emotional distress claims, the Johnsons did add allegations of negligent "improper sexual contact" and negligent infliction of emotional distress. The amended motion for judgment was brought to the Court's attention for the first time in

the hearing on the instant motion for summary judgment on September 17, 1986.

*Procedural Background*

American filed its declaratory judgment action in this Court on May 9, 1986, asking for a declaration that it owed no duty to defend or indemnify Church Schools or its employees against the Johnsons' lawsuit. American provided three grounds for its proposed declaration: (1) failure of a condition precedent to coverage under the policy, claiming Church Schools had failed to provide notice of the occurrence "as soon as practicable"; (2) lack of coverage under the policy provision covering "bodily injury ... caused by an occurrence"; (3) lack of coverage under the provision covering "personal injury" arising out of "a publication or utterance ... of a libel or slander or other defamatory or disparaging material, or ... in violation of an individual's right of privacy."

In its answer, in addition to denying American's claims of untimely notice and lack of coverage, Church Schools raised the affirmative defenses of waiver and estoppel, claiming that the reservation of rights letter failed to reserve the right to contest coverage of the sermon incident, but raised only the sexual assault incident itself.

American filed the instant Motion for Summary Judgment on August 29, 1986, seeking judgment in its favor on the grounds of non-coverage under both the bodily injury and personal injury policy provisions. Church Schools, in opposition to the motion, claims coverage under both provisions and waiver of non-coverage of at least the sermon incident.

*The Merits*

The parties raise no factual dispute as to the literal content of the Johnsons' Motion for Judgment, Amended Motion for Judgment, or the insurance policy covering Church Schools. Therefore, the Court is presented solely with the legal issue of the proper interpretation to be given the bodily injury and personal injury coverages under the policy and whether the scope of either or both of these provisions encompasses the Johnsons' claims, creating a duty on American to defend the lawsuit. A finding that such claims were not covered does not, however, end the matter, for the Court must determine whether American is estopped from raising non-coverage as a defense.

Because this action is before the Court pursuant to its diversity jurisdiction, state law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Since the insurance policy was issued and delivered in Virginia and all relevant acts and omissions occurred in Virginia, Virginia law applies to this dispute. *Maryland Casualty Co. v. Burley*, 345 F.2d 138 (4th Cir.1965).

I. *Coverage of the Claims*

Under Virginia law, coverage is determined by examining whether the allegations of the motion for judgment fall within the scope of the policy's coverage. *Travelers Indemnity Co. v. Obenshain*, 219 Va. 44, 46, 245 S.E.2d 247, 249 (1978).[1] Only if it clearly appears that the claims set forth in the motion for judgment are not covered is the insured relieved of its duty to defend. If coverage is in doubt, the insurance company must defend. *Travelers, supra,* 219 Va. at 46, 245 S.E.2d at 249 (citing *London Guar. Co. v. C.B. White & Bros.,* 188 Va. 195, 198–200, 49 S.E.2d 254, 255–56 (1948)). Further, the Court must examine the allegations of the Amended Motion for Judgment, as any new or different causes of

---

1. Plaintiff has argued that the Court should look beyond the allegations in the motion for judgment to the underlying facts disclosed by the depositions and incorrectly cites *Reisen v. Aetna Life and Casualty Co.,* 225 Va. 327, 302 S.E.2d 529 (1983) as support for its position. In fact, *Reisen* does not deviate from the Virginia Supreme Court's traditional position established in *Travelers, supra,* that the duty to defend is determined solely from the allegations in the motion for judgment. *Reisen, supra,* 302 S.E.2d at 531. The Court held that the insurer had a duty to defend based on a motion for judgment alleging both negligence and intentional torts despite the trial court's determination based on the underlying facts in the declaratory judgment suit that the injury was caused by non-covered intentional acts. *Reisen, supra,* 302 S.E.2d at 531.

action raised therein also could create a duty to defend. *See Bernard v. Gulf Ins. Co.,* 542 S.W.2d 429, 431 (Tex.Civ.App. 1976). As the insurance policy in the instant case specifically provides, as long as the allegations in the Motion for Judgment present potentially covered claims, the insurer must defend even if the allegations in fact are groundless, false or fraudulent.

Thus, in the instant case, the Court must examine the allegations of the Johnsons' Motion for Judgment and Amended Motion for Judgment to determine whether they present claims within the scope of the policy's coverage. The parties agree that, if coverage exists, it is found under either the Comprehensive General Liability Insurance provisions covering "bodily injury" or the Broad Form Comprehensive General Liability provisions covering "personal injury" arising from the commission of certain enumerated torts.[2]

### A. *Bodily Injury Coverage*

The Comprehensive General Liability coverage obligates American to pay "all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury ... caused by an occurrence." The parties' dispute concerns whether the Johnsons allege: (1) a bodily injury, (2) caused by an occurrence.

### 1. *Bodily Injury*

█ The insurance policy defines "bodily injury" as "bodily injury, sickness or disease." American contends that this term connotes physical injuries to the body, as opposed to emotional injuries to the person, and that the Johnsons' claims are not covered because they allege purely emotional harm. In response, Church Schools argues that it is the type of claim alleged and not the basis of the damages sought that should determine coverage. Because the Johnsons allege a battery, which requires some type of body contact, such claim, so Church Schools contends, fits within the

definition of "bodily injury." The policy makes no references to "body contact."

While the Virginia courts have not interpreted the term "bodily injury," courts that have interpreted this language have determined that it limits policy coverage to physical injury to the body and does not include claims for purely nonphysical or emotional harm. *See, e.g., Rolette County v. Western Casualty & Surety Co.,* 452 F.Supp. 125, 130 (D.N.D.1978). In *Rolette,* the court held that "bodily injury" coverage did not extend to "nonphysical harm to the person." While the claim was denominated an "injury to the person," the court held that the insurer was under no duty to defend where only damages for humiliation and emotional distress were sought. *Rolette, supra,* 452 F.Supp. at 130; *see also St. Paul Fire & Marine Ins. Co. v. Campbell County School Dist.,* 612 F.Supp. 285, 287–88 (D.Wyo.1985) (no duty to defend under "bodily injury" coverage "where party not suing for physical injury or disease").

While Church Schools argues that a claim for assault and battery is covered, its sole support for this claim is the Black's Law Dictionary definition of "battery." Their argument appears to ignore the distinction between physical or bodily *contact* and *injury.* While it is true that Johnson alleges a bodily contact, the harm alleged is purely emotional. Defendant argues that Loree may "more forcefully prove her claim for bodily injury at trial." However, in ruling on the duty to defend, the Court looks only at the allegations in the Motion for Judgment and not at what may be proven at a subsequent trial. In giving the "bodily injury" coverage its plain meaning, it simply does not cover the Johnsons' claim for purely emotional injury.

While the plaintiff raises additional allegations of negligence in the Amended Motion for Judgment, it adds no allegations which even arguably claim physical or bodily injury. Thus, the result remains that

---

**2.** See Exhibits B & C to Memorandum in Support of Plaintiff's Motion for Summary Judg- ment.

the Johnsons' claims are not for covered bodily injuries.

### 2. *Occurrence*

█ Even if the Johnsons' claim were construed as alleging a "bodily injury," such injury also must arise out of an "occurrence" in order to be covered. Under the policy and Virginia law, the term "occurrence" is defined as an "accident ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." *Travelers, supra,* 219 Va. at 47, 245 S.E.2d at 248. Under such a provision, allegations of intentional torts are not covered and impose no duty to defend. *Travelers, supra,* 219 Va. at 47, 245 S.E.2d at 249. While Virginia courts have not decided whether an alleged assault and battery would be covered under such a clause, courts which have considered this precise issue generally have held that coverage is not afforded. *See* Annot., 72 A.L.R. 3d 1090, 1103–04 (1976).

The Johnsons' original Motion for Judgment alleges only intentional acts by the insured—assault and battery and intentional infliction of emotional distress. Therefore, their claims, as originally asserted, are not for covered "occurrences" under the bodily injury coverage.

The Johnsons' Amended Motion for Judgment, however makes new allegations that Archinal "negligently ... made improper sexual contact with Loree" and that the defendants "engaged in specific conduct which was negligently ... designed to frighten, intimidate and embarrass plaintiffs." [3] In the prayer for relief, plaintiff further seeks compensatory damages for negligent infliction of emotional distress. While the plaintiff questions the validity of these allegations,[4] the merit of plaintiff's contentions is immaterial in determining the insurer's liability to defend. *See, e.g., Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 407–08, 347 A.2d 842, 850 (Insurer

must defend any suit stating covered claim even though it "cannot possibly succeed because either in law or in fact there is no basis for a plaintiff's judgment.") (quoting *Burd v. Sussex Mutual Ins. Co.,* 56 N.J. 383, 389, 267 A.2d 7, 10 (1970)). The Court is limited to ascertaining from the motion for judgment itself whether its allegations "state a case which may be covered by the policy." *Travelers, supra,* 219 Va. at 46, 245 S.W.2d at 249.

Under this broad standard, the plaintiff's allegations of negligence state a claim for an "occurrence" under the policy. However, because the plaintiff has not alleged any bodily injury, the negligence claim still falls outside the scope of the policy's Comprehensive General Liability coverage.

### B. *Broad Form Comprehensive Liability Coverage*

Church Schools further contends that the Johnsons' claims fall under American's Broad Form coverage. Under this section, "personal injury" is covered and is defined as "injury arising out of one or more of the following offenses ... (3) a publication or utterance (a) of a libel or slander or other defamatory or disparaging material, or (b) in violation of an individual's right of privacy."

### 1. *Libel, Slander, Defamation or Disparagement Claim*

█ American quite properly claims that the Johnsons' Motion for Judgment alleges no claim for libel, slander, defamation, or disparagement, and therefore is not covered. In fact, the motion for judgment makes no allegations that any false statements were made—an essential element in torts of this nature.

The cases cited by plaintiff support their contention that the personal injury coverage applies only to claims for personal injuries actually arising out of the enumerated torts, and not to claims which merely make

---

**3.** Amended Motion for Judgment ¶¶ 13, 42.

**4.** Plaintiff's counsel argues that the added allegations are invalid because Virginia law does

not recognize causes of action for negligent assault and battery or negligent infliction of emotional distress.

reference to allegedly libelous or disparaging statements as factual background. In *C.O. Morgan Lincoln-Mercury, Inc. v. Vigilant Ins. Co.*, the Yancys sued a car dealer for conversion. 521 S.W.2d 318 (Tex.Civ.App.1975). In pleading the facts of their conversion claim, the Yancys alleged that Morgan "did willfully, maliciously, unlawfully, speak and utter libelous remarks which were calculated to, and did, defame Plaintiff." *Morgan, supra,* 521 S.W.2d at 319. The court held that this claim was not covered by the personal injury provision because the suit was for conversion, not defamation, and damages were not sought for the allegedly defamatory remarks. Instead, the court described such allegations as a mere "recital of the facts leading up to the conversion," creating no duty to defend. *Morgan, supra,* 521 S.W.2d at 321–22; *see also Omark Industries, Inc. v. Safeco Ins. Co.,* 590 F.Supp. 114 (D.Or.1984) (factual allegation of disparaging remark in context of sex discrimination suit did not create coverage).

To refute American's claim of non-coverage under the personal injury clause, the defendant Church Schools merely makes a conclusory statement that the "very essence" of the Johnsons' claims is that the defendants made defamatory or disparaging remarks to the Johnsons.[5] Defendant fails to cite any case in support of its position, nor does it point to any specific allegations in the motion for judgment.

Even if such allegations could be found in the motion for judgment, the mere fact that the factual allegations of a complaint contain the words "libel" or "disparaging" cannot form the basis for coverage under this provision. As the cases cited by plaintiff recognize, coverage must be determined based on the claims under which relief is sought. In the instant case, the Johnsons' claims are not for injuries arising out of one of the defamation torts enumerated in II(D)(3)(a) of the Broad Form provisions and are not covered thereunder.

## 2. *Invasion of Privacy Claim*

◼ At the hearing on the instant motion, defense counsel argued for the first time that the Johnsons' claims fell within the Broad Form provisions covering personal injuries arising out of the offense of utterances in violation of an individual's right of privacy. The defendants contend that the alleged statements made in the October 1, 1985, meeting between St. Catherine's personnel and the Johnsons and in the alleged October 24, 1985 sermon by Goff raised invasion of privacy claims.

While no cases have been located interpreting the invasion of privacy policy provision, it must be examined in the same light as the defamation policy provision. Thus, the Johnsons' claims may be covered under this provision if their motion or amended motion for judgment raises a substantive claim for invasion of privacy, but not if it merely alleges facts relating to an invasion of privacy as factual background to their assault and battery and intentional infliction of emotional distress claims. *See, e.g., Morgan, supra,* 521 S.W.2d at 321–22.

Neither the Johnsons' motion for judgment nor their amended motion for judgment raises allegations supporting a substantive claim for invasion of privacy. The defendants' alleged remarks in the October 15th meeting and the October 24th sermon are not claimed to have involved matters held private by the plaintiffs. The Johnsons' only contention is that the defendants' remarks humiliated and embarrassed them. The mere fact that these remarks may have involved private matters, while not alleged by defendant Church Schools, at most provides factual background to the Johnsons' claim for intentional infliction of emotional distress. As such, these allegations do not trigger coverage under the Broad Form personal injury provisions.

---

5. In fact, at the hearing on the instant motion, Church Schools' counsel didn't raise this contention, but instead claimed for the first time that the Johnsons' claims are for utterances in violation of their right to privacy.

Thus, the Johnsons' claims are not covered under the personal injury provisions of American's policy, and the Court concludes that, absent a waiver or estoppel, American has no duty to defend such claims.

## II. *Waiver and Estoppel*

■ The defendants assert that even if the Johnsons' claims are not covered, American is estopped from denying coverage of the Johnsons' intentional infliction of emotional distress claim concerning the assembly incident because their reservation-of-rights letter did not reserve the right to contest coverage of that incident.

American correctly, in the Court's view, cites the general rule that the defense of waiver and estoppel cannot be used to extend coverage where coverage does not exist. *See, e.g., Insurance Co. of North America v. Atlantic National Ins. Co.,* 329 F.2d 769, 775 (4th Cir.1964). As the defendant points out, an exception does exist when the insurer "assumes and conducts the defense of an action ... without disclaiming liability and giving notice of its reservation of rights, "in which case it is then estopped from later denying coverage. *Atlantic, supra,* 329 F.2d at 775.

The exception only applies, however, "in the rare instance when an insurer, with knowledge of the lack of coverage, assumes and conducts a defense without either disclaiming liability or under a reservation of rights." *Rowe v. United States Fidelity and Guaranty Co.,* 375 F.2d 215, 221 (4th Cir.1967). Thus, an insurer has been estopped from denying coverage when it has actively conducted a defense and participated in a settlement, *Dairyland Ins. Co. v. Hughes,* 317 F.Supp. 928, 939 (W.D.Va.1970), or has attempted to disclaim coverage three days prior to trial, *Aetna Life and Casualty Co. v. McCabe,* 556 F.Supp. 1342, 1355 (E.D.Pa.1983).

The insurer has not been estopped, however, where it has given notice of its intent to contest coverage through "a timely reservation of rights under the policy which fairly informs the insured of the insurer's position." *Aetna, supra,* 556 F.Supp. at

1354. Filing of a declaratory judgment suit to have liability under the policy determined also bars application of estoppel. *Allied Mutual Ins. Co. v. Hingst,* 360 F.Supp. 1204, 1209 (D.N.D.1973).

In the instant case, American is not estopped from denying coverage of the Johnsons' claims. Indeed, American provided adequate notice to Church Schools of its intent to contest coverage in its reservation of rights letter and in the instant declaratory judgment action. While defendant argues that the reservation of rights letter did not expressly contest coverage of the sermon incident, such a technical reading of the letter is inappropriate. The letter adequately informed the insured that American contested its duty to defend against Johnsons' claims. It was not necessary for American to specifically enumerate each factual element of these claims. American gave timely notice of its position before any defense was begun. Trial of the Johnsons' claims is not scheduled until March 1987, and the insured can claim no prejudice when it has six months to prepare its case.

An appropriate order granting the relief sought will issue.

## JUDGMENT ORDER

For the reasons stated in the accompanying Memorandum this day filed and deeming it proper so to do, it is ADJUDGED, ORDERED and DECLARED as follows:

1. American and Foreign Insurance Company has no duty to defend Church Schools in the Diocese of Virginia, Allen W. Becker, Peggy Ross, Susan Goff and Amy Archinal against the allegations contained in Motion for Judgment and Amended Motion for Judgment filed in the Circuit Court of the City of Richmond, Virginia styled, *Loree Anitra Johnson, an infant who sues by and through her next friend and mother, Judy Johnson, plaintiff, v. St. Catherine's School, Allen W. Becker, Peggy Ross, Susan E. Goff and Amy Archinal,* under date of March 13, 1986; and September 16, 1986 respectively.

2. American and Foreign Insurance Company has no duty to indemnify Church Schools in the Diocese of Virginia, Allen W. Becker, Peggy Ross, Susan Goff and Amy Archinal, for any sum which they might be legally obligated to pay as damages on the basis of the allegations set forth in the aforementioned Motion for Judgment or Amended Motion for Judgment.

Judgment is entered for plaintiff and against the defendants. Plaintiff is entitled to its taxable costs.