**UNITED PACIFIC INSURANCE CO., Plaintiff,**

v.

**FIRST INTERSTATE BANCSYSTEMS OF MONTANA, INC., d/b/a First Interstate Bank of Colstrip, Keith Brighton, Continental Casualty Insurance Co., a/k/a American Casualty Co., Defendants.**

**No. CV–85–345–BLG–JFB.**

United States District Court, D. Montana, Billings Division.

June 21, 1988.

James L. Jones, Dorsey & Whitney, Billings, Mont., for plaintiff.

Steve J. Lehman, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for defendants.

### MEMORANDUM AND ORDER

BATTIN, Chief Judge.

On December 30, 1985, plaintiff filed an amended complaint against First Interstate Bancsystems of Montana, Inc., et al., seeking a declaratory judgment. By its complaint, plaintiff sought a declaration that it had no duty to indemnify and defend the Bank in a wrongful termination suit filed by a former bank employee in state court. By Order dated July 13, 1987, 664 F.Supp. 1390, the Court granted summary judgment in favor of defendants finding coverage under the liability insurance policies issued by plaintiff to the Bank.

This case is before the Court on plaintiff's motion for clarification/reconsideration of the July 13th Order. Plaintiff seeks clarification on two issues: First, plaintiff requests the Court to confirm that its judg-

ment includes a finding that there was no coverage under the Comprehensive General Liability Policy and the Unipackage Endorsement. Second, plaintiff asks the Court to confirm that the Excess Umbrella Policy only covers the portion of the settlement which can be attributed to compensation for emotional distress. Thus, plaintiff wishes the Court to determine what amount of the settlement agreement should be properly attributed to emotional distress damages.

■ As to the first issue, the Court finds merit in plaintiff's request and concludes that no coverage existed under the General Liability Policy and the Unipackage Endorsement.

Under the Comprehensive General Liability Policy, coverage extends to damages because of "bodily injury" or "property damage" caused by an occurrence. Bodily injury is defined as bodily injury, sickness or disease sustained by a person, including a) death resulting therefrom and b) damages for care and loss of services because of bodily injury, sickness or disease.

Schroeder sought damages in her underlying action for loss of compensation, loss of future earning capacity, physical and emotional stress and humiliation, loss of benefits, and loss of work-life earnings. In the fall of 1987, two cases were decided in this district that addressed the identical issue presented in this case. *Aetna Casualty and Surety Co. v. First Security Bank of Bozeman*, 662 F.Supp. 1126 (D.Mont.1987); *Liberty Bank of Montana v. Travellers*, CR 86–86–GF–PGH, Sept. 29, 1987. In both cases, the Court held that coverage from the general liability policies did not extend to plaintiff's cause of action. Those cases contained strikingly similar language to the policy contained in the present action. In keeping with those decisions, the Court finds that these damages do not fall within the specific definitions of bodily injury or property damages contained in the policy. *Aetna Casualty and Surety Co. v. First Security Bank of Bozeman*, 662 F.Supp. 1126 (D.Mont.1987); *Liberty Bank of Mon-*

*tana v. Travellers*, CV 86–86–GF–PGH, September 29, 1987.

However, the Comprehensive General Liability Policy contained a Unipackage Endorsement which provided coverage for "damages because of personal injury or advertising injury ...". As defined by the Unipackage Endorsement, "personal injury" means injury arising out of the offense of false arrest, and detention, imprisonment, malicious prosecution, the publication or utterance of a libel or slander or other defamatory or disparaging materials, or the publication or utterance in violation of an individuals right of privacy, wrongful entry or eviction, or other evasion of the right of private occupancy. Defendants argue that coverage could exist under these provisions since Schroeder sought damages for the alleged defamatory acts of the defendants. Again the undersigned is persuaded by the decisions in *Aetna Casualty* and *Liberty Bank* where the Court held that the "personal injury" coverage applied only to claims actually arising out of the enumerated torts. 662 F.Supp. at 1132; CV 86–86–GF–PGH, pg. 8.

In the underlying action against First Interstate Bancsystems, Schroeder's claims are for injuries arising out of the torts of bad faith and wrongful termination, not out of the defamation torts set forth in the Unipackage Endorsement. A close inspection of plaintiff's amended complaint, particularly in paragraph XIX of Count I, reveals that plaintiff did not specifically allege the tort of defamation. An essential element in any defamation is that plaintiff must allege a communication or publication to a third person. *Griffith v. Opinion Publishing Co.*, 114 Mont. 502, 138 P.2d 580 (1943). This was not alleged in Schroeder's complaint. Rather, plaintiff submits that defendants' actions in placing erroneous material in her personnel file further evidences her cause of action for bad faith. Thus, the Court must consider these allegations as a breach of good faith and fair dealing.

As stated above, coverage under the policy issued by UPI to First Interstate Bancsystems must be determined based on the

claims brought by Schroeder against First Interstate. In this case, Schroeder's claims were for wrongful termination and bad faith. Schroeder's complaint in the underlying state court action does not specifically allege any cause of action for defamation. The Unipackage Endorsement Policy specifically provides coverage only for those claims which arise out of a enumerated tort. Since such tort has not been plead, coverage cannot be extended under this policy. *Aetna Casualty and Surety v. First Security Bank of Bozeman,* 662 F.Supp. 1126, 1132 (D.Mont.1987); *American and Foreign Insurance Co. v. Church Schools, Diocese of Virginia,* 645 F.Supp. 628 (E.D.Va.1986). *Liberty Bank of Montana v. The Travellers Co.,* CV 86–86–GF–PGH.

■ With respect to the second issue raised in the motion for reconsideration, plaintiff requests the Court to determine what extent of the settlement amount contained damages covered under the Excess Umbrella Policy. Plaintiff argues that they should not bear the costs of settlement if the damages recovered were not attributable to mental distress.

The underlying action was settled by the parties prior to its scheduled trial date. Although this Court has determined that the Excess Umbrella Policy provided coverage, the issues of liability have never been decided. In settling their dispute, the parties understood that plaintiff's theories of liability and her amount of damages actually incurred would never be determined. The parties examined their potential for liability and agreed on a mutually acceptable figure. Therefore, the Court finds it inappropriate to disturb any contributions to the final settlement.

The only issue before the Court was whether coverage extended to the wrongful termination action brought by Schroeder against her former employer. The Court did not hear any evidence as to the type and extent of damages suffered by plaintiff. As such, the Court concludes that the settlement agreement precludes any determination as to the extent and type of damages applicable under the policies.

Based on the foregoing,

IT IS ORDERED that plaintiff's Motion for Reconsideration is granted in part and denied in part.